**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 28 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30266 |
| Plaintiff - Appellee, | D.C. No. 4:11-cr-00107-SEH-1 |
| v. | |
| BEVERLY PAULINE IRON PIPE-BEGAY, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted August 26, 2013[**]
Seattle, Washington

Before: HAWKINS, McKEOWN, and CLIFTON, Circuit Judges.

Defendant Beverly Iron Pipe-Begay was convicted of theft of government money and making a false statement to a federal agency. She appeals her conviction on the basis that the district court's evidentiary rulings precluded her

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

from presenting a complete defense, and she also challenges the calculation of her restitution order. We affirm.

We review de novo whether there has been a violation of the right to present a defense. *United States v. Stever*, 603 F.3d 747, 752 (9th Cir. 2010). Criminal defendants have a due process right to "a meaningful opportunity to present a complete defense," which guarantees "the right to put before a jury evidence that might influence the determination of guilt." *Id.* at 755 (internal quotation marks and citation omitted). In determining whether the exclusion of evidence violated this right, we are guided by the following factors: "the probative value of the evidence on the central issue; its reliability; whether it is capable of evaluation by the trier of fact; whether it is the sole evidence or merely cumulative; and whether it constitutes a major part of the attempted defense." *Id.* at 756 (quoting *Alcala v. Woodford*, 334 F.3d 862, 877 (9th Cir. 2003)).

Iron Pipe-Begay was not precluded from presenting a complete defense. The exhibits she sought to introduce were cumulative of her testimony. What she sought to prove with the exhibits—that she spent some of the funds on her children—was not in dispute, as the government conceded in closing arguments that she had put that portion of the money to its intended use. Nor were the exhibits particularly reliable evidence. Much of the evidence consisted of Iron Pipe-

2

Begay's handwritten notes. Finally, the evidence had minimal probative value on the central issue at trial, which was whether she had lied on her application. The government was not required to prove, and did not argue, that she misspent all of the funds. Accordingly, we affirm the conviction.

We also affirm the order of restitution. Because Iron Pipe-Begay did not challenge her restitution order before the district court, we review her challenge on appeal for plain error. *See United States v. Bright*, 353 F.3d 1114, 1120 (9th Cir. 2004). Although restitution "is limited to the victim's actual losses," *United States v. Hunter*, 618 F.3d 1062, 1064 (9th Cir. 2010), Iron Pipe-Begay has not pointed to any authority making it clear that the government's actual losses consist only of the portion of benefits she did not spend on her children. Because she was not qualified to receive the funds in the first place, it is not obvious under current law that the government's actual loss is less than the entirety of the funds disbursed. For error to be plain, it must be "clear or obvious under current law," and there is no plain error "where there is no controlling authority on point." *United States v. De La Fuente,* 353 F.3d 766, 769 (9th Cir. 2003).

**AFFIRMED.**